

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CASE NO. 1:03-CR-189 |
| § | |
| PRESTON JOSEPH ROBINSON § | |

## FINDINGS OF FACT AND RECOMMENDATION
## ON PETITION REQUESTING REVOCATION OF SUPERVISED RELEASE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, this matter was referred to the undersigned magistrate by the District Court for hearing and the submission of findings of fact and a report and recommendation in accordance with 18 U.S.C. §§ 3401(I) and 3583(e). The United States has alleged that Defendant, Preston Joseph Robinson, ("Defendant" or "Robinson"), violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States filed its *Superceding Petition for Warrant or Summons for Offender Under Supervision* [doc. #76] requesting the revocation of Defendant's supervised release. The Court conducted a hearing on October 26, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing.

**DISCUSSION**

A.  **Procedural History:**

On May 24, 2004, The Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced Preston Joseph Robinson, after he pled guilty to the offense of possession with intent to distribute 5 grams or more but less than 50 grams of cocaine base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 137 months. Judge Heartfield sentenced Preston Joseph Robinson to 110 months imprisonment followed by 4 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On April 30, 2008, Judge Heartfield ordered that Robinson's sentenced be reduced to 92 months imprisonment. *See Order Granting Motion to Reduce Sentence Re: Crack Cocaine Offense* (doc. #55). On October 21, 2010, Preston Joseph Robinson completed his period of imprisonment and began service of the supervision term.

On January 14, 2011, Judge Heartfield ordered a modification of Robinson's conditions of supervised release. The Court ordered that the Defendant shall participate in an inpatient program for the treatment of drug and/or alcohol addiction. *See Request for Modifying the Conditions or Term of Supervision with Consent of the Offender* (doc. #68).

**B. Allegations in Petition:**

(1) The United States alleges that Defendant violated the following mandatory conditions of supervised release:

*The Defendant shall not unlawfully possess a controlled substance.*

*The Defendant shall refrain from the use of a controlled substance.*

Specifically, the Probation Office alleges that on October 22, 2010, Mr. Robinson submitted a urine specimen to the U.S. Probation Department and on or about October 28, 2010, laboratory analysis concluded the specimen submitted by Mr. Robinson was positive for cocaine. On November 2, 2010, Mr. Robinson acknowledged in writing to the use of cocaine.

On November 30, 2010, Mr. Robinson submitted a urine specimen at Cheyenne Center, a drug treatment agency. On or about December 7, 2010, laboratory analysis concluded the specimen submitted by Mr. Robinson was positive for cocaine. On December 14, 2010, Mr. Robinson acknowledged in writing to the use of cocaine.

On or about December 16, 2010, Mr. Robinson submitted a urine specimen at Cheyenne Center, a drug treatment agency. On or about December 23, 2010, laboratory analysis concluded the specimen submitted by Mr. Robinson was positive for cocaine. On January 7, 2011, Mr. Robinson acknowledged in writing to the use of cocaine.

*The defendant shall not commit another federal, state, or local crime.*

On or about June 20, 2011, Mr. Robinson was arrested by an officer with the Beaumont Police Department and charged with Evading Arrest, in violation of § 38.04 of the Texas Penal Code. This matter is currently pending in the County Criminal Court at Law for Jefferson County, Texas, Cause 288125.

(2) The United States further alleges that the Defendant violated the following special condition of supervision:

*The Defendant shall participate in an inpatient program for the treatment of drug and/or alcohol addiction.*

The Probation Office alleges that on March 14, 2011, Mr. Robinson was instructed to participate in drug treatment at the Cheyenne Center and was to submit two random urine specimen(s) per month. Mr. Robinson failed to submit a random urine specimen on April 23rd and May 27th, 2011. Furthermore, Mr. Robinson failed to submit any of his random urine specimens for the month of June, 2011.

(3) The United States alleges that Defendant violated the following standard conditions of supervised release:

*The Defendant shall notify the probation officer ten days prior to any change in residence or employment.*

On May 13, 2011, the probation officer conducted a home visit at 3021 Laura Koppe, Apt. 29, Houston, Texas, Mr. Robinson's last reported residence. The officer was informed by the apartment manager that Robinson had moved on or about May 3, 2011, and left no forwarding address.

On June 29, 2011, the probation officer conducted a home visit at 832 W. Greens Road, Apt. 726, Houston, Texas, Mr. Robinson's last reported residence. The officer was informed by the occupant of said residence Mr. Robinson did not live at said residence and his whereabouts are unknown.

> *The Defendant shall report to the probation officer as directed by the court or probation officer and follow the instruction of the probation officer.*

On April 4, 2011, Mr. Robinson was instructed to report to the U.S. Probation Department on May 2, 2011. Mr. Robinson failed to report on said date.

On May 16, 2011, Mr. Robinson was instructed to report to the U.S. Probation Department on June 8, 2011. Mr. Robinson failed to report on said date.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence in support of the allegations set out *supra*. Michael Garcia, a United States Probation Officer assigned to the Southern District of Texas, Houston Division, testified for the Government. He testified to the following facts:

Preston Robinson was sentenced in the Eastern District of Texas. After his release from incarceration on October 21, 2010, he established residence in Houston, Texas, and was subsequently supervised by officers in that judicial district. Chrishele Powell was the probation officer initially assigned to supervise Robinson.[1]

Robinson reported to the probation officer on October 22, 2010, after being released from a halfway house the previous day. At that initial office visit, Robinson's conditions of supervised release would have been reviewed with him and he would have been given instructions about reporting. Robinson was receiving drug treatment at that time. In addition, a urinalysis would have been required as a part of his mandatory drug testing requirement. Robinson indicated to the probation officer that he understood the rules and conditions of his supervised release. Prior to the

---

[1] Although he was not personally supervising Robinson during this time period, Garcia's testimony was based on his review of Robinson's probation file.

urinalysis, Robinson was asked whether or not he had used a controlled substance. He responded that he had not. Robinson submitted a urine sample and it was submitted to the laboratory for testing. On October 28, 2010, the probation officer received the results of the test. Robinson's sample tested positive for cocaine.

The probation officer directed Robinson to report to the probation office and he was given the opportunity to admit or deny the use of cocaine. Robinson admitted to the use of cocaine and signed an acknowledgment form (on November 2, 2010).[2]

On November 30, 2010, Robinson submitted a urine sample to the agency where he was receiving his drug treatment. That sample also tested positive for cocaine. On December 14, 2010, Robinson again admitted to the use of cocaine to his probation officer.[3] As a result, the probation officer began the process of attempting to get Robinson admitted into a residential drug treatment program.

A third urinalysis was conducted on December 16, 2010. This sample was also taken at the drug treatment center. This sample was tested and, once again, tested positive for cocaine. On January 7, 2011, Robinson initialed the section on the form which states that he admits to the use of a controlled substance.[4]

Robinson was placed into a residential drug treatment program and Mr. Garcia then began to supervise Robinson. Garcia could tell by interacting with Robinson that he has some mental health

---

[2] The test results and the acknowledgment form was admitted into evidence as Government's Exhibit A.

[3] The test results and the acknowledgment form was admitted into evidence as Government's Exhibit B.

[4] The test results and the acknowledgment form was admitted into evidence as Government's Exhibit C.

issues.[5] Garcia felt that Robinson had trouble reading but was capable of understanding the forms setting forth the requirements of supervised release. Garcia acknowledged that he would be very specific with Robinson and had to "water down things" to make sure that he understood. Garcia understood that Robinson was receiving social security disability because of his mental limitations and was excused from having to maintain employment. While he was in the residential treatment program, Robinson was still required to report to his probation officer and follow all the conditions of supervision. Robinson successfully completed the program in March 2011 and received a Certificate of Achievement[6]. However, Robinson's counselor indicated that he would benefit from continued outpatient counseling and he was referred to the outpatient program and entered that program on March 14, 2011.

As part of the outpatient program, Robinson was required to continue giving random urine samples. Robinson had problems complying with those requirements. He failed to report for random urinalysis on April 23, 2011. He failed to report to the probation officer as required on May 2, 2011. He again failed to report for random urinalysis on May 27, 2011. In addition, he failed to submit any sample for the month of June 2011. However, it appears that he did submit other urine samples from January - May, 2011 which tested negative for controlled substances.

On May 13, 2011, Garcia attempted to located Robinson at his last reported address which was 3021 Laura Koppe, Apartment 29, in Houston, Texas. The apartment manager advised Garcia that Robinson vacated the apartment on or about May 3, 2011 and had left no forwarding address.

---

[5] Robinson's PSR indicates that he has an IQ of 64 and suffers from mild mental retardation.

[6] The Certificate of Achievement issued by Cheyenne Center was admitted into the record as Defendant's Exhibit 1.

Robinson had not provided the probation officer with prior notice of his change of residence. The apartment manager agreed to attempt to get a message to Robinson telling him to contact Garcia. As Garcia was leaving the apartment complex, Robinson called him on his cell phone. Garcia instructed Robinson to report to the probation office on May 16, 2011, and Robinson complied. During that office visit, Robinson informed Garcia that he now resided at 832 West Greens Road, Apartment 726, Houston, Texas. Garcia had a discussion with Robinson about the importance of keeping the probation office apprised of the location of his residence. During this office visit on May 16, 2011, Garcia instructed Robinson to report to the probation office on June 8, 2011.

On June 8, 2011, Robinson once again failed to report. On June 29, 2011, Garcia attempted to locate Robinson at his last known address and was told by an individual at that address that Robinson did not reside there. Garcia later discovered that Robinson had been arrested in June 20, 2011, for evading arrest in Beaumont, Texas. The charges are pending at this time.

The Government argues that Robinson has made a poor adjustment to supervised release. The Government contends that since the evidence establishes Grade B and Grade C violations, the Court must sentence Robinson to the Grade B violation which carries a sentencing guideline range of 21 - 27 months. The Government contends that there is clear evidence that Robinson used and possessed cocaine on three separate occasions and failed to report as required. The Government further urges the Court to impose a sentence at the top of the range, that is 27 months imprisonment with no further supervised release.

Robinson admits that he committed the Grade C violations, but contends that it would be an unjust punishment for the Court to find that he committed the Grade B violations. He notes that he has a very limited mental capacity with an IQ of 64. Robinson admits that he tested positive for

illegal substances but notes that he has not tested positive since he completed the residential drug treatment program. He contends that the modification imposed which required residential treatment worked in this case and that it is inappropriate to impose a sentence for a Grade B violation. Robinson urges the Court to consider the punishment range for a Grade C violation which is 8 to 14 months imprisonment.

### D. Applicable Law, Sentencing Guidelines, Findings and Recommendation

18 U.S.C. § 3583(g)(1) imposes the mandatory revocation of supervised release for possession of controlled substance in violation of supervision conditions. *See* 18 U.S.C. § 3583. The Court may also find that drug use is equivalent to possession of the prohibited substance when determining whether to revoke a defendant's supervised release. *See United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992). The Court has the discretion to conclude that a positive drug test is evidence of possession. *See id.*

Section 7B1.1(a)(2) of the United States Sentencing Guidelines provides that a Grade B violation of supervised release consists of conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year. *See* U.S.S.G. § 7B1.1(a)(2). Here, the Probation Office and the Government contend that Robinson should be found guilty of committing a Grade B violation based on his positive urine test and admitted use of controlled substances because this conduct violates the Texas Health and Safety Code § 481.115. If the Court finds by a preponderance of the evidence that Robinson committed a Grade B violation, U.S.S.G. § 7B1.3(a)(1) directs that the Court shall revoke probation or supervised release. Based on Robinson's criminal history category of VI, the Sentencing Guidelines suggest a range of imprisonment of 21 to 27 months for a Grade B violation.

If the Court finds by a preponderance of the evidence that Mr. Robinson violated conditions of supervision by failing to report to the probation office as directed, failing to notify the probation officer about a change in residence, and by testing positive for cocaine, the Defendant will be guilty of committing Grade C violations. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. Based on Robinson's criminal history category of VI, the Sentencing Guidelines suggest an imprisonment range of 8 to 14 months for a Grade C violation.

Accordingly, if the undersigned finds by a preponderance of the evidence that Mr. Robinson violated his conditions as discussed above, the Court may terminate his supervised release; revoke his supervised release; extend the term of supervised release; and/or modify the conditions of his supervised release. *See* 18 U.S.C. § 3583(e); U.S.S.G. § 7B1.3(a)(2). The Court may also take into consideration factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the need to provide restitution to any victims to the offense. *See* 18 U.S.C. §§ 3583(a); 3553(a). Upon revocation, the Court may impose a sentence of imprisonment and require that defendant be placed under a new term of supervision. 18 U.S.C. § 3583(h). In this case, because Robinson's original offense of conviction was a Class B felony, the maximum term of imprisonment that the Court can impose for the supervised release revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*,

963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[7], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997)(Citations omitted).

The statute is clear in giving the Court the ability to revoke a defendant's supervised release once a violation has been established by a preponderance of the evidence. *See* 18 U.S.C. § 3583; *United States v. Grandlund*, 71 F.3d 507, 509 n.2 (5th Cir. 1995). The violation of just one condition is enough to sustain revocation under the statute.

The Court concludes that the Government established by a preponderance of the evidence that the Defendant violated conditions of his supervision by submitting urine specimens on October 22, 2010, November 30, 2010, and December 16, 2010, which tested positive for cocaine. The defendant also admitted to using cocaine in relation to the positive urinalysis results submitted on these dates. The Government also established by a preponderance of the evidence that Robinson violated standard conditions of his supervision by failing to notify the probation officer about a change in his address and by failing to report to the probation office as directed. The Court accordingly concludes that the Government has, at a minimum, proven that Robinson committed these Grade C violations of his supervised release.

The Court must conduct further analysis to determine whether the cocaine usage established

---

[7] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

by the evidence constitutes possession of a controlled substance warranting the imposition of a sentence within the higher range of punishment suggested by the Guidelines for a Grade B violation. The applicable statute and the Guidelines are clear in imposing mandatory revocation for possession of a controlled substance and in giving the Court discretion to find that use equals possession for purposes of imposing mandatory revocation. However, the statute and the Guidelines do not state outright that use constituting possession automatically constitutes a Grade B violation. The Court finds guidance from other courts on this issue.

In *United States v. Arnold*, the Fifth Circuit upheld a district court's finding that drug possession in violation of supervision conditions constituted a Grade B violation under the Guidelines. *See United States v. Arnold*, No. 02-30404, 54 F. App'x 408 (5th Cir. Oct. 30, 2002) (per curiam). The Court found that the defendant's admitted use of drugs and the laboratory results indicating positive tests for drugs were sufficient evidence to support a finding that the defendant both used and possessed controlled substances. *Id.* The *Arnold* decision also states that because the defendant had previously been convicted of a drug trafficking offense, his supervised release violation was a Grade B violation under U.S.S.G. § 7B1.1(a)(2) and 21 U.S.C. § 844(a), thus subjecting him to the Grade B recommended sentencing range. *Id.* Finally, the Court also noted that the imposed term in the Arnold case was also within the statutory maximum for the supervised release violation in that case. *Id.* Accordingly, the Fifth Circuit held that the district court did not err in imposing a sentence within the range for a Grade B violation. *Id.*

Here, the Court concludes that the Government established by a preponderance of the evidence that Mr. Robinson violated conditions of his supervised release by using and possession cocaine, by failing to notify the probation officer of his change in address, and failing to report to the

probation office as directed. Based on the authority suggested by *Arnold*, this Court also finds it appropriate to recommend that the District Court impose a term of imprisonment higher than the imprisonment range suggested by the Sentencing Guidelines for a Grade C violation. Mr. Robinson has shown a history of noncompliance and numerous instances of use and possession of controlled substances while on supervised release. While it may be true that he did not test positive after he completed inpatient treatment, the evidence also shows that he failed to report to his probation officer and he failed to submit his drug tests as required. It follows that there are no drug tests showing that he either tested negative *or* positive for usage. The Court therefore finds, based on the evidence presented, that it has the discretion to suggest an imprisonment term within the Grade B range or at least higher than the Grade C range. At the same time, the Court also notes the evidence suggesting that Robinson has a diminished mental capacity and takes this into account as a mitigating factor. The Court therefore also finds it appropriate to impose a lesser sentence than that suggested by the Grade B range rather than at the top of the maximum 27 months suggested by the Guidelines and as argued by the Government. Finally, the Court also notes that the statutory maximum imprisonment term upon revocation in this case is three years, and, therefore, the term recommended herein is well within the statutory maximum as promulgated by 18 U.S.C. § 3583(g)(3) and discussed by the *Arnold* case.

Based upon the entire body of evidence presented and the suggestions of the Sentencing Guidelines, the Court finds that revocation of Defendant's supervision is necessary. The Court also concludes that a term of imprisonment should be imposed for Defendant's violation of his Court-ordered conditions. The Court recommends that the District Court revoke Defendant's term of supervised release. Based on the factors and evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that as punishment for the revocation, the District

Court sentence Defendant to a term of **nineteen (19) months imprisonment**, with no further term of supervised release to follow.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of December, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE